MEMORANDUM **
Christine Oliviani Widjaja, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals’ (“BIA”) decision denying her motion to reopen so she could apply for asylum based on changed circumstances. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA’s denial of a motion to reopen, Lara-Torres v. Ashcroft, 383 F.3d 968, 972 (9th Cir.2004), amended by 404 F.3d 1105 (9th Cir.2005), and we deny the petition for review.
The BIA did not abuse its discretion in denying Widjaja’s motion to reopen as untimely because the motion was filed nearly one and a half years after the BIA’s decision. See 8 C.F.R. § 1003.2(c)(2). Further, even under the disfavored group analysis set forth in Sael v. Ashcroft, 386 F.3d 922, 925-27 (9th Cir.2004), Widjaja failed to demonstrate changed circumstances in Indonesia sufficient to qualify for the regulatory exception to the time for filing motions to reopen. See 8 C.F.R. § 1003.2(c)(3)(h); see also Malty v. Ash *767 croft, 381 F.3d 942, 945 (9th Cir.2004) (“The critical question is ... whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.”).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.